Fried v. Overland Motor Co., 202 Ill. App. 203.

## Abstract of the Decision.

ATTACHMENT, § 43*—*when evidence of fraud by debtor in making conveyance improperly excluded.* Where an action in attachment is brought alleging that the defendant has made a fraudulent conveyance or assignment of his property to hinder and delay his creditors, and the defendant files a schedule claiming all of such property as exempt from execution, it is improper for the court, although it determined that all the property levied upon by the writ was included and named in the schedule of exemption, to exclude evidence tending to show fraud and to dissolve the attachment, as the proper procedure is for the court to admit such evidence and if of the opinion that the fraud alleged has been proven, enter a judgment sustaining the attachment.

---

## Albert O. Fried, Plaintiff in Error, v. Overland Motor Company, Defendant in Error.

### Gen. No. 22,445.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed December 18, 1916.

## Statement of the Case.

Action by Albert O. Fried, plaintiff, against Overland Motor Company, defendant, to recover the purchase price paid by plaintiff for an automobile bought while plaintiff was a minor. From a judgment for defendant on a directed verdict, plaintiff brings error.

The automobile was purchased June 14, 1913, with money which plaintiff received from his grandmother as a gift. The automobile at this time was delivered to plaintiff. On June 1, 1914, plaintiff wrote a letter to defendant stating that he had elected to disaffirm

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

his contract, and on or about September 12, 1914, appeared at the office of defendant and tendered the car, stating that at the time of its purchase he was a minor. He claimed that he became of age on August 13, 1914. Defendant refused to accept the car, and thereupon plaintiff resumed possession of it and has kept it in his possession since that time. Plaintiff testified that during the spring and summer of 1915 he used the car and drove it upon the streets.

MARCUS J. GOLDEN and ARTHUR J. SHUTAN, for plaintiff in error.

UNDERWOOD & SMYSER, for defendant in error; CHARLES R. YOUNG, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. INFANTS, § 23*—*when minor may not repudiate contract after reaching majority.* Where a minor after becoming of age does any act clearly showing an intention to affirm a contract made by him during his minority, he cannot afterwards repudiate it.

2. INFANTS, § 23*—*when minor deemed to have ratified purchase made during minority.* One who purchases an automobile during his minority and uses it for nearly a month after he becomes of age before he tenders it to the seller, and continues to retain possession of it and use it for nearly a year after arriving at legal age and after refusal of the seller to accept the machine, must be deemed to have ratified the purchase.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.